NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2207
_____

JARVIS PERRY,
                    Appellant

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS,
Administrative Department of the State of New Jersey;
SGT. CHRISTOPHER BIRARDI, Individually and in his Supervisory capacity as
a Supervisory Officer with Defendant NJDOC; JENNIFER CAIGNON,
Individually and in her Supervisory capacity as a Supervisor with
Defendant NJDOCs Human Resources Department; DUANE M. GRADE, Individually
and in his Supervisory capacity as a Chief Investigator with Defendant
NJDOC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-21-cv-03523)
District Judge: Honorable Georgette Castner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 28, 2024
_____

Before: KRAUSE, RESTREPO, and MATEY, *Circuit Judges*

(Filed: July 12, 2024)

---

OPINION[*]

---

MATEY, *Circuit Judge*.

Jarvis Perry sued his employer, the New Jersey Department of Corrections

(NJDOC), and two superior officers, alleging racial discrimination and retaliation.[1] We

agree that Perry has failed to show material disputed facts supporting either, so we will

affirm the District Court's grant of summary judgment.

**I.**

Jarvis Perry worked as a Senior Investigator for the NJDOC with responsibility for

internal investigations, records retention, and management of the evidence room at his

facility. In March 2019, Perry filed an internal complaint with NJDOC's Equal

Employment Division (EED), alleging that his supervisor, Christopher Birardi, was

discriminating against him on the basis of race. In response to the March 2019 internal

complaint, Perry claims, Birardi retaliated by ordering Perry to pick up a state vehicle.

Perry also claims that Birardi's supervisor, Chief Investigator Duane Grade, retaliated by

filing a letter of counseling after Perry questioned the order and recorded Birardi. Perry

---

[*]This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.
[1] Mr. Perry also brought claims against a Human Resources supervisor, Jennifer Caignon; however, those claims were voluntarily dismissed and are not at issue in this appeal.

filed another EED complaint in July 2019 after Birardi instructed Perry to go on an inmate visit.[2]

In September 2019, NJDOC's Central Office Headquarters (COHQ) initiated an audit of the evidence room.[3] The audit revealed discrepancies in Perry's management, and Perry received a notice of disciplinary action from Grade following the audit. Birardi, acting pursuant to a COHQ order, then removed Perry as evidence manager. At that point, Perry requested and received a transfer to a new office, retaining the same pay and benefits. Perry also appealed the disciplinary action.

In 2021, following a hearing on the evidence room disciplinary action, the NJDOC hearing officer recommended that Perry be retrained and reinstated as evidence room manager. Perry declined and, a few months later, retired from the NJDOC.

Perry sued NJDOC, Birardi, and Grade alleging discrimination, harassment, and retaliation under Title VII, 42 U.S.C. § 2000e *et seq.*, and the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. Ann. § 10:5-1 *et seq.* The District Court granted the defendants' motions for summary judgment, and Perry now appeals.[4]

---

[2] The EED responded to both complaints, finding no racial discrimination by Birardi.

[3] Although Perry suspected Birardi ordered the audit, he later admitted no evidence supported this suspicion.

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367 and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review. *Ellis v. Westinghouse Elec. Co.*, 11 F.4th 221, 229 (3d Cir. 2021).

**II.**

**A.**

Discrimination claims brought under Title VII are subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973), which requires Perry to demonstrate an adverse employment action occurring "under circumstances that could give rise to an inference of intentional discrimination," *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013) (internal quotation marks and citation omitted). An adverse employment action must result in "some harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 974 (2024); *see also Peifer v. Bd. of Prob. & Parole,* No. 23-1081, 2024 WL 3283569, at *4 (3d Cir. July 3, 2024) (precedential). Here, none the actions toward Perry, separately or together, meet the *McDonnell Douglas* standard.

Most of the actions are not by themselves adverse employment actions. Contrary to Perry's allegations, Birardi sent an email to several investigators—not just to Perry— saying that the on-call investigator would need to wash state vehicles. Birardi corrected a statement he had made to Perry regarding work following federal holidays and advised Perry that he did not need to account for that time. Birardi instructed Perry to retrieve a state vehicle, but that task was shared with another employee, and did not alter Perry's "term[s] or condition[s] of employment." *Muldrow*, 144 S. Ct. at 974.

Perry also acknowledged recording a conversation with Birardi, and Perry admitted that—contrary to what he alleged in his complaint—he was not *required* to assume the added duty of correcting another investigator's reports. And even if Perry's

4

requested transfer could constitute an adverse employment action under *Muldrow*, the circumstances under which it arose—namely, the evidence room audit and its legitimate findings—preclude an inference of intentional discrimination. As a result, Perry has not proven a prima facie case of discrimination under Title VII, and summary judgment was appropriate.[5]

## B.

Title VII retaliation claims require "a causal connection between [the employee's] participation in the protected activity and the adverse employment action." *Kengerski v. Harper*, 6 F.4th 531, 536 (3d Cir. 2021) (internal quotation marks and citations omitted). The requisite causal link can be shown with proof of a "pattern of antagonism" or "temporal proximity unusually suggestive of retaliatory motive." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 260 (3d Cir. 2017) (internal quotation marks and citation omitted).

Perry has not shown that there was such a pattern of antagonism. The alleged acts (outlined above) were either ordinary (picking up state cars), unconnected (the evidence room audit), or lacking an adverse consequence (the letter of counseling). Nor has Perry

---

[5] In any event, the NJDOC has put forward legitimate, nondiscriminatory explanations for each of its actions, and Perry has not shown "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in those explanations "that a reasonable factfinder could rationally find them unworthy of credence." *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 (3d Cir. 2006) (internal quotation marks and citation omitted). The same is true for retaliation, discussed below.

shown a temporal connection between his internal complaints and Birardi and Grade's actions. Here too, summary judgment was appropriate.[6]

\* \* \*

For these reasons, we will affirm the District Court's judgment.

---

[6] Because the analyses for retaliation and discrimination claims under the NJLAD and Title VII are essentially the same, *see Abramson v. William Patterson Coll. of N.J.*, 260 F.3d 265, 282 n.13, 286 (3d Cir. 2001), summary judgment was appropriate as to Perry's NJLAD claims as well, and we need not address whether claims against the individual defendants can proceed if the NJDOC is immune from suit. Even assuming the NJDOC cannot invoke sovereign immunity, in other words, there was no discrimination or retaliation to aid or abet. *See* N.J. Stat. Ann. § 10:5-12(e); *Tarr v. Ciasulli,* 853 A.2d 921, 928–29 (N.J. 2004).